RECEIVED

JUN 2 3 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 91-60073-01 |
| | CIVIL ACTION NO. 05-0262 |
| VS. | JUDGE DOHERTY |
| LUIS CANGA-RENTERIA | MAGISTRATE JUDGE METHVIN |

**REPORT AND RECOMMENDATION ON MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255**
*(Rec. Doc. 79)*

On February 10, 2005, *pro se* petitioner Luis Canga-Renteria filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] For the following reasons, **IT IS RECOMMENDED** that Canga-Renteria's motion be **DENIED AND DISMISSED WITH PREJUDICE.**

*Factual and Procedural Background*

On October 10, 1991, a federal grand jury returned a three-count indictment[3] against the Canga-Renteria, as follows:

Count 1: Conspiracy to distribute 2.1 kilograms of cocaine in violation of 21 U.S.C. §§841(a)(1), 846, and 841(b)(1)(B).

Count 2: Possession with intent to distribute 144 grams of cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).

Count 3: Illegal re-entry of a deported alien in violation of 8 U.S.C. §1326.

---

[1] Rec. Doc. 79.

[2] Rec. Doc. 83.

[3] Rec. Doc. 1.

On December 10, 1992, Canga-Renteria was found guilty by a jury as charged.[4] On April 23, 1992, Canga-Renteria was sentenced to 480 months' imprisonment as to Counts One and Two, to run concurrently, and 180 months' imprisonment on Count Three, which was to run concurrently with the sentence imposed on Counts One and Two.[5] Canga-Renteria's judgment of conviction was entered on the Court's docket on April 24, 1992.[6]

On March 26, 1993, the Fifth Circuit affirmed the conviction and sentence. The Fifth Circuit's Judgment was issued as mandate on April 20, 1993.[7] By letter dated October 15, 1993, the Fifth Circuit notified this court that the Supreme Court had denied certiorari in the instant case. The Fifth Circuit's letter was filed into the record of this court on October 18, 2003.[8] Canga-Renteria filed the instant motion on February 10, 2005.[9]

### Issues Presented

Canga-Renteria raises one ground for relief, that his sentence is illegal under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

### Scope of §2255 Review

The scope of relief afforded under §2255 is extremely narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been

---

[4] Rec. Doc. 47.

[5] Rec. Doc. 57.

[6] Rec. Doc. 60.

[7] Rec. Doc. 73.

[8] Rec. Doc. 74.

[9] Rec. Doc. 79.

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

Section 2255 provides four grounds for relief:

1. that the sentence violates the Constitution or other federal law;
2. that the court lacked jurisdiction;
3. that the sentence exceeded the maximum allowed by law; or
4. that the sentence is otherwise "subject to collateral attack."

Title 28 U.S.C. §2255.

### *Law and Analysis*

### I. **Application is Time-Barred**

The government contends that Canga-Renteria's claims are time-barred, inasmuch as they were filed more than one year after the statutory limitations period expired. Title 28 U.S.C. §2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year limitation period for filing §2255 motions. It is well-established in the Fifth Circuit that when a defendant seeks a writ of certiorari from the Supreme Court, the defendant's conviction becomes final immediately upon the Supreme Court's denial of defendant's petition for writ of certiorari. United States v. Thomas, 203 F.3d 350 (5th Cir. 2000). Accord Giesberg v. Cockrell, 288 F.3d 268 (5th Cir. 2002) (state prisoner's conviction was final on date certiorari was denied; court noted that one-year limitation provision in 28 U.S.C. §2254 is "virtually

4

identical" to the provision applicable to a federal prisoner's §2255 motion for relief, and that the key to both provisions is the finality of the underlying judgment).

In the instant case, Canga-Renteria was sentenced on April 23, 1992, and his judgment of conviction was entered on the court's docket on April 24, 1992. Because Canga-Renteria sought a writ of certiorari from the Supreme Court, his conviction became final on the date upon which the Supreme Court denied his petition for writ of certiorari. Thomas, *infra*, at 355. Here, the precise date that the Supreme Court denied Canga-Renteria's writ is unknown; all that is known is that the Fifth Circuit received a copy of the denial of the writ and notified this court of that denial by letter dated October 15, 1993. This court filed the Fifth Circuit's letter into the record on October 18, 1993. Therefore, for purposes of the instant motion, the court concludes that Canga-Renteria's conviction became final on October 18, 1993. Thus, Canga-Renteria had until October 18, 1994 to file his motion. Because he did not file the motion until February 10, 2005 – more than 10 years later – Canga-Renteria's motion is time-barred.

## II. *United States v. Booker* **is not retroactive**

Canga-Renteria argues that his motion is timely because it was filed within one year of the Supreme Court's decisions in Blakely v. Washington, *infra*, and United States v. Booker, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This contention is without merit, because Booker does not apply retroactively to cases on collateral review.

Blakely was preceded by Apprendi v. New Jersey, 120 S.Ct. 2348, 2362-63 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the United States Supreme Court applied the rule of Apprendi to

invalidate a sentencing enhancement imposed pursuant to state law. Specifically, the <u>Blakely</u> court held that the Washington state trial court's sentencing of a defendant for more than three years above the 53-month statutory maximum of the standard range for his offense, on the basis of the sentencing judge's finding that defendant acted with deliberate cruelty, violated the defendant's Sixth Amendment right to trial by jury. 124 S.Ct. at 2537.

In <u>Booker,</u> ___ U.S.___, 125 S.Ct. 738, 749-50, 160 L.Ed.2d 621 (2005), the Supreme Court extended to the federal Sentencing Guidelines the rule announced in <u>Apprendi</u> and <u>Blakely</u>: pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756, cited in <u>In re Elwood</u>, 408 F.3d 211, 212, 2005 WL 976998, *1 (5th Cir. April 28, 2005). The <u>Booker</u> decision essentially nullified the Fifth Circuit's previous decision in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004), in which the court had concluded that the <u>Blakely</u> rationale did *not* apply to the federal Sentencing Guidelines.

Nevertheless, despite the extension of the rules of <u>Apprendi</u> and <u>Blakely</u> to the federal sentencing guidelines via <u>Booker</u>, Canga-Renteria is not entitled to relief under <u>Booker</u>, because the Supreme Court has not expressly declared that <u>Booker</u> is retroactive to cases on collateral review. <u>See, e.g.</u>, <u>Jaffe v. U.S.</u>, 2005 WL 589330, *1 (D.Utah 2005), <u>citing</u> <u>Booker</u>, 125 S.Ct. at 769 (expressly extended holding only "to all cases on direct review").

Furthermore, the courts that have recently addressed the issue of retroactivity have unanimously held that <u>Booker</u> is not applicable to cases on collateral review. <u>See, e.g.</u>, <u>In re</u>

Elwood, ___ F.3d ___, No. 05-30269, 2005 WL 976998, *3 (5th Cir. April 28, 2005) (Booker does not apply retroactively on collateral review for purposes of a successive §2255 motion); In re Olopade, 2005 WL 820550 (3rd Cir. 2005) (Booker is not retroactive to cases on collateral review); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*) ("[W]e conclude that Booker . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker*'s rule does not apply retroactively in collateral proceedings...."); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (*per curiam*) ("[N]either Booker nor Blakely [v. Washington, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); Gerrish v. United States, 353 F.Supp.2d 95, 96 (D.Me. 2005) ("Booker ... [is] not applicable to cases that were not on direct appeal when [it was] decided."); United States v. Johnson, 353 F.Supp.2d 656, 658 (E.D.Va. 2005) (finding that Booker does "not apply retroactively on collateral review"); accord Phillips v. Jeter, 2005 WL 465160 (N.D.Tex. Feb. 25, 2005); Carbajal v. Valencia, 2005 WL 415135 (N.D.Tex. Feb. 18, 2005); Thomas v. Jeter, 2005 WL 415896 (N.D.Tex. Feb. 17, 2005); King v. Jeter, 2005 WL 195446 (N.D.Tex. Jan. 27, 2005).

Considering the foregoing, the undersigned is persuaded that Canga-Renteria is not entitled to relief under the Supreme Court's decision in <u>Booker</u>.

*Conclusion*

For the foregoing reasons, the undersigned recommends that Canga-Renteria's §2255 motion be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attackin g either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

**accepted by the district court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on June 28, 2005.

COPY SENT
DATE 6-29-05
BY: CbA
TO: mom
RFD\TNS

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)